| | |
|---|---|
| IN THE INTEREST OF: I.R.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: I.R.M., MINOR | No. 703 EDA 2026 |

Appeal from the Dispositional Order Entered February 4, 2026
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-JV-0000065-2025

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY LAZARUS, P.J.:                    **FILED AUGUST 5, 2026**

I.R.M. appeals from the dispositional order, entered in the Court of Common Pleas of Pike County, following her adjudication of delinquency after her admission to one count of possession of a controlled substance.[1]  After careful review, we vacate the juvenile court's dispositional and adjudicatory orders and remand with instructions.

The juvenile court summarized the factual history as follows:

On September 30, 2025, [Lieutenant] Martin Gaughan [] investigated an incident at [Dingman-Delaware Middle School in Dingman Township, Pike County].  At approximately 12:45 p.m., K.F., a female student, reported to Principal Brian McCarthy that M.S., a male student, appeared intoxicated and was in possession of a vaping device.  M.S. was called to the office and evaluated by School Nurse Mrs. Stager, who recorded [M.S.'s] pulse of 160 b[eats] p[er] m[inute], raising concerns that he may have

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

ingested a controlled substance. M.S. denied any such consumption.

Principal McCarthy searched M.S.'s belongings following a request and recovered two electronic vaping devices: one black labeled "Rooted Labs" and one blue labeled "CAKE she hits different." During questioning, M.S. admitted he had purchased the vapes that morning from I.[R.]M. . . . I.[R.]M. [subsequently] admitted selling the vapes to M.S. before school hours. . . . [Lieutenant] Gaughan conducted field testing . . . and both devices tested positive for THC concentrates.

Juvenile Court Opinion, 4/10/26, at 1-2.

On December 3, 2025, the juvenile court conducted an adjudicatory hearing where I.R.M. entered an admission to possession of a controlled substance, a misdemeanor offense. The juvenile court accepted I.R.M.'s admission after a colloquy and then immediately, without taking any additional evidence,[2] found I.R.M. to be in need of treatment, supervision, and rehabilitation. *See* N.T. Adjudicatory Hearing, 12/3/25, at 6 (court finding juvenile to be in need of treatment, supervision, and rehabilitation). As a result, the juvenile court adjudicated I.R.M. delinquent under 42 Pa.C.S.A. §

_____

[2] We observe that there was no testimony regarding I.R.M.'s background, behavior, home environment, academic performance, substance use history, or risk of recidivism. Additionally, there was no evidence presented as to whether I.R.M. has a history or risk of truancy, substance abuse, or behavioral issues. Further, there were no recommendations for supervision or treatment placed on the record. Indeed, the Commonwealth presented no evidence whatsoever. *See* N.T. Adjudicatory Hearing, 12/3/25, at 1-7.

However, we observe that I.R.M. completed a drug and alcohol assessment at PA Treatment and Healing on October 29, 2025, and attached that report to her post-adjudicatory motion. *See* Post-Adjudicatory Motion, 1/9/26, Exhibit B (drug and alcohol assessment concluding I.R.M. does not meet criteria for substance use disorder and recommending no additional treatment or services).

6341. The juvenile court deferred disposition and ordered the preparation of a social summary investigative report and a diagnostic evaluation.

On January 9, 2026, I.R.M. filed a post-adjudicatory motion in which she argued that the juvenile court committed an error of law in adjudicating her delinquent without first conducting a hearing or entertaining additional evidence supporting a finding that I.R.M. needed treatment, supervision, or rehabilitation. *See* Post-Adjudicatory Motion, 1/9/26, at 1-15.[3] Additionally, I.R.M. asserted that, pursuant to section 6341(b) and *Commonwealth v. M.W.*, 39 A.3d 958 (Pa. 2012), an adjudication of delinquency is a two-step process in which the court must find that: (1) there is sufficient evidence to find the juvenile committed the act(s) alleged; and (2) the juvenile is in need of treatment, supervision, or rehabilitation prior to an adjudication of delinquency. I.R.M. contended that because she admitted to a misdemeanor offense and not a felony, she could not be presumed to need treatment, supervision, or rehabilitation, and that it was the Commonwealth's burden to present the requisite evidence showing that she needed treatment, supervision, or rehabilitation. *See* Post-Adjudicatory Motion, 1/9/26, at 8-10. Finally, I.R.M. argued that, as a result of the Commonwealth's failure to present additional evidence supporting a finding of need for treatment, supervision, or rehabilitation and the trial court's finding of such need without

_____

[3] We note that, in the record, this motion is titled "Motion to Dismiss Petition/Motion for Reconsideration/Commencement of Expungement." However, for ease of reference we refer to it as the post-adjudicatory motion.

the statutorily required evidence, the juvenile court was required by law to dismiss and expunge I.R.M's adjudication. *See id.* at 10-15 (citing 42 Pa.C.S.A. § 6341(b); *M.W.*, *supra*).

On January 28, 2026, the juvenile court conducted a hearing on I.R.M.'s motion, at which it entertained arguments from counsel. *See* N.T. Post Adjudicatory Hearing, 1/28/26, at 1-6. The Commonwealth argued that the juvenile court was not required to conduct a separate hearing to determine if I.R.M. needed treatment, supervision, or rehabilitation and, instead, could make that finding immediately after I.R.M.'s admission. *See id.* at 4-5. The Commonwealth additionally argued that the juvenile court may base its finding of treatment, supervision, or rehabilitation on the facts of the admission for the purposes of judicial economy. *See id.* No additional evidence was entered at this hearing, and, on February 2, 2026, the juvenile court denied I.R.M.'s post-adjudicatory motion.

On February 4, 2026, the juvenile court conducted a dispositional hearing, at which it imposed an indefinite period of probation, which would be reviewed by the juvenile court every six months. Additionally, the juvenile court imposed an electronic home monitoring curfew, as well as a $50.00 fine and costs of prosecution.

Subsequently, on February 10, 2026, I.R.M. filed a post-dispositional motion[4] in which she largely reiterated her arguments from her post-adjudicatory motion. **See** Post-Dispositional Motion, 2/10/26, at 1-12. On March 4, 2026, the juvenile court denied I.R.M.'s post-dispositional motion without a hearing.

I.R.M. filed a timely notice of appeal. I.R.M.'s counsel failed to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal contemporaneously with the notice of appeal, as required by Rule 1925(a)(2)(i). As a result, on March 12, 2026, the juvenile court entered an order directing counsel to file a Rule 1925(b) statement and, on March 23, 2026, counsel complied.[5] Subsequently, the juvenile court complied with Rule 1925(a). I.R.M. now raises the following claims for our review:

> [1.] Did the juvenile court err as a matter of law by adjudicating [I.R.M.] delinquent and imposing probationary supervision, fines, and court costs where the Commonwealth presented no competent evidence at the adjudicate[ory] hearing that [I.R.M.]

---

[4] We note that in the record this motion is titled "Post-Dispositional Motion to Reconsider and Vacate, Dismiss Petition, Commence Expungement." However, for ease of reference we refer to it as the post-dispositional motion.

[5] While a Rule 1925(b) statement must be filed concomitantly with the notice of appeal for all children's fast track cases pursuant to Rule 1925(a)(2)(i), we decline to quash or dismiss the instant appeal as I.R.M. filed the Rule 1925(b) statement, the juvenile court opinion fully addressed the merits of the issues raised therein, and there is no assertion of any prejudice suffered by the Commonwealth. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that failure to file Rule 1925(b) statement contemporaneously with children's fast track appeal considered defective notice of appeal, to be disposed of on case-by-case basis, but did not require dismissal or quashal where there was no prejudice to other parties as result of late filing).

was in need of treatment, supervision, or rehabilitation under [section] 6341(b)?

[2.] Did the juvenile court err by finding that [I.R.M.] was in need of treatment, supervision, or rehabilitation and imposing disposition where the juvenile court relied on generalized notions of potential "benefit," [I.R.M.]'s age, and the nature of the offense, rather than competent evidence of a statutory need for treatment, supervision, or rehabilitation under [section] 6341(b)?

[3.] Did the juvenile court err and violate [I.R.M.]'s due process rights under the Pennsylvania and United States Constitutions by imposing probationary supervision and conditions without conducting the evidentiary hearing required under [section] 6341(b) and without evidentiary support that [I.R.M.] was in need of treatment, supervision, or rehabilitation?[6]

[4.] Did the juvenile court abuse its discretion and commit legal error by denying [I.R.M.]'s motions to dismiss the petition alleging delinquency and to reconsider and vacate the dispositional hearing order, where the record established no statutory need for treatment, supervision, or rehabilitation, and [I.R.M.] had no prior delinquency history, no behavioral issues, and no substance abuse concerns?

Brief for Appellant, at 7-8 (some capitalization omitted).

We begin by noting that most of I.R.M.'s issues can be summarized as a challenge to the juvenile court's finding that I.R.M. was in need of treatment, supervision, and rehabilitation. *See id.* at 29-71. I.R.M. contends that, prior to adjudicating her delinquent, the juvenile court was required to ascertain

---

[6] We are constrained to find that I.R.M. has waived this challenge for failure to preserve it with requisite specificity in her Rule 1925(b) concise statement of errors raised on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived."). Indeed, I.R.M.'s Rule 1925(b) statement is devoid of reference to her due process challenge and, consequently, it is waived for appellate review. Nevertheless, such waiver does not preclude our review of I.R.M.'s remaining claims, nor does it change our disposition.

whether she committed the alleged offenses **and** whether she was in need of treatment, supervision, or rehabilitation. ***See id.*** at 36-38 (emphasis added). I.R.M. acknowledges that she entered an admission as to the misdemeanor offense of possession of a controlled substance and, consequently, does not allege any error with respect to that prong. ***See id.*** at 38. However, I.R.M. alleges that the juvenile court committed an error of law with respect to the "need" prong when it failed to conduct an evidentiary hearing or hear any competent evidence regarding her alleged need, and did not hold the Commonwealth to its burden of proof. ***See id.*** at 38-44. I.R.M. posits that, as a result of this alleged error, the proper remedy is that this Court vacate the dispositional and adjudicatory orders and remand for dismissal and expungement proceedings pursuant to 18 Pa.C.S.A. § 9123. ***See id.*** at 43-44, 47, 61-62, 70-71. We agree in part and disagree in part.

Generally, we review a juvenile court's delinquency adjudications for an abuse of discretion. ***See Interest of C.B.***, 241 A.3d 677, 686 (Pa. Super. 2020). However, where it is alleged that the juvenile court failed to conduct the statutorily required hearing to receive evidence relating to the second prong of section 6341(b), we conclude that we review a juvenile court's findings under that prong for an error of law. ***See M.W.***, ***supra*** (setting forth two-prong delinquency adjudication and that juvenile courts must conduct hearing on both); ***see also*** 42 Pa.C.S.A. § 6341(b) (stating that juvenile court "**shall** then proceed immediately or at a postponed hearing . . . to hear evidence as to whether child is in need of treatment, supervision, or

rehabilitation") (emphasis added); ***Commonwealth v. Worzel***, 328 A.3d 1194, 1199 (Pa. Super. 2024) ("Generally, the word 'shall' carries an imperative or mandatory meaning.") (citation omitted).

Before a juvenile court can enter a disposition, a juvenile must be adjudicated delinquent. The requirement for a delinquency adjudication is governed by section 6341(b), which states, in relevant part, as follows:

> **(b) Finding of delinquency.--**If the court finds on proof beyond a reasonable doubt that the child has committed the acts . . . of which he is alleged to be delinquent[,] it **shall** enter such finding on the record and **shall** specify the particular offenses, including the grading and counts[.] . . . The court **shall then proceed** immediately or at a postponed hearing, which shall occur no[] later than 20 days after such finding . . . **to hear evidence as to whether the child is in need of treatment, supervision**[,] **or rehabilitation, as established by a preponderance of the evidence**, **and to make and file its findings thereon**. . . . In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision[,] or rehabilitation. **If the court finds that the child is not in need of treatment, supervision**[,] **or rehabilitation it shall dismiss the proceeding,** . . . **and commence expungement proceedings** in accordance with 18 Pa.C.S.A. § 9123 and the Pennsylvania Rules of Juvenile Court Procedure.

42 Pa.C.S.A. § 6341(b) (emphasis added).

Our Supreme Court has interpreted section 6341(b) and explained as follows:

> [U]nder the Juvenile Act, in order to adjudicate a child delinquent, the juvenile court must (1) determine that the juvenile has committed a delinquent act, **and** (2) determine that the juvenile requires treatment, supervision, or rehabilitation. **A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency.**

*M.W.*, 39 A.3d at 966 (emphasis added).

It is the Commonwealth's burden, as the party that filed the petition alleging delinquency, to prove **both** prongs of the delinquency test. *See Interest of C.B.*, 241 A.3d 677, 684 n.11 (Pa. Super. 2020). While this Court has previously acknowledged that the Juvenile Act does not explicitly state which party has the burden of demonstrating that the juvenile is, or is not, in need of treatment, supervision, or rehabilitation, we have nevertheless concluded that the Commonwealth, as the filing party, bears the burden of demonstrating that the juvenile is delinquent as to both prongs. *See In the Interest of N.C.*, 171 A.3d 275, 281 (Pa. Super. 2017); *see also C.B.*, *supra* (reaffirming *N.C.*'s conclusion that Commonwealth bears burden of proof for both delinquency prongs set forth in *M.W.*).[7]

This Court has previously held that a juvenile court's failure to conduct an evidentiary hearing and receive evidence regarding a juvenile's need for treatment, supervision, and rehabilitation constituted an error of law that mandated reversal. *See Interest of K.G.*, 278 A.3d 934, 941 (Pa. Super. 2022). In *K.G.*, the juvenile court, after concluding that K.G. had committed the crime of unauthorized use of a vehicle, "merely inquired about the status

_____

[7] We observe that *N.C.* was superseded by statute when section 6341 was amended by the General Assembly to include that the second prong of delinquency—the juvenile's need for treatment, rehabilitation, or supervision—must be proved by a preponderance of the evidence. *See C.B.*, 241 A.3d at 681 n.8; *id.* at 684 n.11. Nevertheless, as stated above, this Court in *C.B.* reaffirmed *N.C.*'s conclusion that the Commonwealth bears the burden of proof for both delinquency prongs. *See id.* at 684 n.11.

of other open criminal matters related to [K.G.] and, immediately thereafter, adjudicated [K.G.] delinquent[.]" *Id.* Upon review, this Court concluded that the juvenile court's failure to hear evidence about treatment, supervision, or rehabilitation prior to adjudicating K.G. delinquent constituted a failure to follow the Rules of Juvenile Procedure as well as an error law. *See id.* This Court emphasized that the juvenile court "did not receive additional evidence pertaining to amenability to treatment, supervision, or detention . . . and failed to enter its reasons for its findings and conclusions of law into the record." *Id.*

Upon review of the record, we conclude that the juvenile correctly found the first prong of section 6341(b) satisfied where I.R.M. entered an admission to the offense of possession of controlled substance. Indeed, I.R.M. acknowledges that this prong was satisfied and it is unchallenged on appeal.

Regarding the second prong, however, we are constrained to conclude that the juvenile court erred and committed an error of law in finding that the Commonwealth had satisfied its burden of proof that, by a preponderance of the evidence, I.R.M. was in need of treatment, rehabilitation, or supervision. *See* N.T. Adjudicatory Hearing, 1/9/26, at 6. Indeed, the transcript reveals that, immediately following I.R.M.'s admission, the juvenile court **did not** seek any additional evidence and, instead, immediately found that I.R.M. was in need of treatment, supervision, and rehabilitation pursuant to section 6341(b). *See id.* Our review reveals that the record is **completely devoid** of any evidence, testimony, or even Commonwealth argument prior to the

juvenile court's adjudication of delinquency.[8]  *See* N.T. Adjudicatory Hearing,

12/3/25, at 1-7 (entire adjudicatory proceeding addressing I.R.M.'s admission

and colloquy).

    As noted above, section 6341(b) clearly states that the juvenile court

"**shall then proceed immediately or at a postponed hearing**, which shall

occur no[] later than 20 days after such finding . . . **to hear evidence as to**

_____

[8] To the extent that the juvenile court states it relied, in part, upon the
"adjudication narrative report," this document is not in the certified record
before this Court.  *See* N.T. Adjudicatory Hearing, 12/3/25, at 6 (juvenile
court stating it considered "adjudication narrative report").  Normally, it is the
appellant's duty to ensure that the certified record is complete for appellate
review.  *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006)
(en banc) (it is appellant's duty to ensure certified record is complete).
Additionally, this Court may request transcripts or exhibits that have been
erroneously omitted if it is clear from the record, trial court opinion, and
counseled briefs that such a transcript or exhibit exists.  *See id.* at 6-8
(explaining where it is clear from party citations and arguments that certified
record is mistakenly missing transcripts or evidence, this Court **may** submit
informal inquiry); *see also Commonwealth v. O'Black*, 897 A.2d 1234,
1238 (Pa. 2006) (appellate court may direct omission or misstatement be
corrected through supplemental certified record where court has reason to
believe such evidence exists).

However, instantly, there is nothing in the record other than the trial court's
single reference to an "adjudication narrative report."  We note that the
"adjudication narrative report" is not attached to any motions, filings, or
exhibits, or admitted as evidence in any transcripts.  Indeed, I.R.M., in her
appellate brief, contests the admissibility of this report.  *See* Brief for
Appellant, at 41-42 (arguing certified record does not reflect that "adjudication
narrative report" was ever admitted into evidence or summarized on record).
Therefore, we are constrained to conclude that, even if this document exists,
it was not properly admitted into the certified record and, consequently, the
juvenile court erred by considering it.  *See Preston*, 904 A.2d at 6-7 (this
Court may not consider any documents not included in certified record).
Accordingly, we do not fault I.R.M. for the omission of the "adjudication
narrative report" and it has no value for our disposition.

**whether the child is in need of treatment, supervision**[,] **or rehabilitation, as established by a preponderance of the evidence**." 42 Pa.C.S.A. § 6341(b) (emphasis added). Thus, the juvenile court was statutorily **required** to conduct an evidentiary hearing, either immediately or within the time constraints set forth in section 6341, and, importantly, **to hear evidence**. *See id.*

Here, the juvenile court **did not** conduct a hearing; rather, it proceeded directly to making a finding that I.R.M. was in need of treatment, rehabilitation, or supervision.[9] *See* N.T. Adjudicatory Hearing, 12/3/25, at 6. Moreover, it is evident from the record that the juvenile court relied only upon I.R.M.'s admission to the **misdemeanor** offense of possession of controlled substance, which, by statute, cannot solely support a finding of need under the second prong of section 6341(b). *See id.*; *see also M.W.*, 39 A.3d at 966 n.9 (presumption of need applies only to felony offenses and even though felonies "presumptively support[] a finding that the juvenile is in need of treatment and supervision . . . the juvenile court must still make that finding

_____

[9] In reaching our conclusion, we note that there is nothing in section 6341(b) that prohibits a juvenile court from conducting the "need" hearing immediately after an admission has been entered. Indeed, section 6341(b) expressly states that such a hearing shall be held immediately or at a postponed hearing. *See* 42 Pa.C.S.A. § 6341(b) (providing hearing on "need" for treatment, supervision, and rehabilitation "shall proceed immediately or at a postponed hearing"). Nevertheless, the statute does prohibit a juvenile court from making such a finding without additional and competent evidence that satisfies the Commonwealth's burden. *See id.*; *see also M.W.*, *supra*; *C.B.*, *supra*.

**after allowing for other evidence**") (emphasis added).[10]   The juvenile court's failure to adhere to the express language of section 6341(b), and our Supreme Court's interpretation of that language in **M.W.**, constitutes an error of law.  **See K.G.**, **supra**; **M.W.**, **supra**.

Our review of the foregoing reveals that the juvenile court erred in its interpretation and application of section 6341(b) by failing to hold the Commonwealth to its evidentiary burden with respect to the second prong of section 6341(b).  As a result of our conclusion, we are constrained to vacate I.R.M.'s dispositional order and the adjudicatory order finding her delinquent. Accordingly, pursuant to sections 6341, 9123, and the Pennsylvania Rules of Juvenile Court Procedure, we remand for the juvenile court to conduct a hearing in compliance with the above, at which time it shall hear evidence as to whether I.R.M. is in need of treatment, supervision, or rehabilitation.  **See** 42 Pa.C.S.A. § 6341(b) (requiring juvenile court conduct need hearing and that dismissal and expungement is proper only after court found juvenile not in need); **see also M.W.**, 39 A.3d at 966 (remanding to juvenile court to conduct need hearing where juvenile court had dismissed delinquency petition without conducting need hearing); **Cf. K.G.**, 278 A.3d at 941 (vacating order after finding evidence of criminal offense was insufficient **and** juvenile court

_____

[10] We note that, as I.R.M. entered an admission to a misdemeanor offense, there was no presumption that I.R.M. was in need of treatment, supervision, or rehabilitation and, even if there were such a presumption, the juvenile court **still** would have committed an error of law by failing to allow for other evidence prior to adjudicating I.R.M. delinquent.  **See M.W.**, **supra**.

- 13 -

erred by failing to conduct need hearing). Upon remand, the juvenile court shall comply with all of the relevant Juvenile Act statutes and rules applying to the need hearing, consider all competent evidence, and place the burden of proof on the Commonwealth.[11]

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/5/2026

_____

[11] In light of our disposition, we need not address I.R.M.'s remaining claims pertaining to the dispositional order.

IN THE INTEREST OF: I.R.M., A     :   IN THE SUPERIOR COURT OF
MINOR     :      PENNSYLVANIA
    :
    :
    :
APPEAL OF: I.R.M., MINOR     :
    :
    :
    :
    :
    :
    :   No. 703 EDA 2026

Appeal from the Dispositional Order Entered February 4, 2026
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-JV-0000065-2025

BEFORE:    LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY LAZARUS, P.J.:            **FILED AUGUST 5, 2026**

I.R.M. appeals from the dispositional order, entered in the Court of Common Pleas of Pike County, following her adjudication of delinquency after her admission to one count of possession of a controlled substance.[1] After careful review, we vacate the juvenile court's dispositional and adjudicatory orders and remand with instructions.

The juvenile court summarized the factual history as follows:

On September 30, 2025, [Lieutenant] Martin Gaughan [] investigated an incident at [Dingman-Delaware Middle School in Dingman Township, Pike County]. At approximately 12:45 p.m., K.F., a female student, reported to Principal Brian McCarthy that M.S., a male student, appeared intoxicated and was in possession of a vaping device. M.S. was called to the office and evaluated by School Nurse Mrs. Stager, who recorded [M.S.'s] pulse of 160 b[eats] p[er] m[inute], raising concerns that he may have

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

ingested a controlled substance. M.S. denied any such consumption.

Principal McCarthy searched M.S.'s belongings following a request and recovered two electronic vaping devices: one black labeled "Rooted Labs" and one blue labeled "CAKE she hits different." During questioning, M.S. admitted he had purchased the vapes that morning from I.[R.]M. . . . I.[R.]M. [subsequently] admitted selling the vapes to M.S. before school hours. . . . [Lieutenant] Gaughan conducted field testing . . . and both devices tested positive for THC concentrates.

Juvenile Court Opinion, 4/10/26, at 1-2.

On December 3, 2025, the juvenile court conducted an adjudicatory hearing where I.R.M. entered an admission to possession of a controlled substance, a misdemeanor offense. The juvenile court accepted I.R.M.'s admission after a colloquy and then immediately, without taking any additional evidence,[2] found I.R.M. to be in need of treatment, supervision, and rehabilitation. *See* N.T. Adjudicatory Hearing, 12/3/25, at 6 (court finding juvenile to be in need of treatment, supervision, and rehabilitation). As a result, the juvenile court adjudicated I.R.M. delinquent under 42 Pa.C.S.A. §

_____

[2] We observe that there was no testimony regarding I.R.M.'s background, behavior, home environment, academic performance, substance use history, or risk of recidivism. Additionally, there was no evidence presented as to whether I.R.M. has a history or risk of truancy, substance abuse, or behavioral issues. Further, there were no recommendations for supervision or treatment placed on the record. Indeed, the Commonwealth presented no evidence whatsoever. *See* N.T. Adjudicatory Hearing, 12/3/25, at 1-7.

However, we observe that I.R.M. completed a drug and alcohol assessment at PA Treatment and Healing on October 29, 2025, and attached that report to her post-adjudicatory motion. *See* Post-Adjudicatory Motion, 1/9/26, Exhibit B (drug and alcohol assessment concluding I.R.M. does not meet criteria for substance use disorder and recommending no additional treatment or services).

6341. The juvenile court deferred disposition and ordered the preparation of a social summary investigative report and a diagnostic evaluation.

On January 9, 2026, I.R.M. filed a post-adjudicatory motion in which she argued that the juvenile court committed an error of law in adjudicating her delinquent without first conducting a hearing or entertaining additional evidence supporting a finding that I.R.M. needed treatment, supervision, or rehabilitation. *See* Post-Adjudicatory Motion, 1/9/26, at 1-15.[3] Additionally, I.R.M. asserted that, pursuant to section 6341(b) and *Commonwealth v. M.W.*, 39 A.3d 958 (Pa. 2012), an adjudication of delinquency is a two-step process in which the court must find that: (1) there is sufficient evidence to find the juvenile committed the act(s) alleged; and (2) the juvenile is in need of treatment, supervision, or rehabilitation prior to an adjudication of delinquency. I.R.M. contended that because she admitted to a misdemeanor offense and not a felony, she could not be presumed to need treatment, supervision, or rehabilitation, and that it was the Commonwealth's burden to present the requisite evidence showing that she needed treatment, supervision, or rehabilitation. *See* Post-Adjudicatory Motion, 1/9/26, at 8-10. Finally, I.R.M. argued that, as a result of the Commonwealth's failure to present additional evidence supporting a finding of need for treatment, supervision, or rehabilitation and the trial court's finding of such need without

_____

[3] We note that, in the record, this motion is titled "Motion to Dismiss Petition/Motion for Reconsideration/Commencement of Expungement." However, for ease of reference we refer to it as the post-adjudicatory motion.

the statutorily required evidence, the juvenile court was required by law to dismiss and expunge I.R.M's adjudication. *See id.* at 10-15 (citing 42 Pa.C.S.A. § 6341(b); *M.W.*, *supra*).

On January 28, 2026, the juvenile court conducted a hearing on I.R.M.'s motion, at which it entertained arguments from counsel. *See* N.T. Post Adjudicatory Hearing, 1/28/26, at 1-6. The Commonwealth argued that the juvenile court was not required to conduct a separate hearing to determine if I.R.M. needed treatment, supervision, or rehabilitation and, instead, could make that finding immediately after I.R.M.'s admission. *See id.* at 4-5. The Commonwealth additionally argued that the juvenile court may base its finding of treatment, supervision, or rehabilitation on the facts of the admission for the purposes of judicial economy. *See id.* No additional evidence was entered at this hearing, and, on February 2, 2026, the juvenile court denied I.R.M.'s post-adjudicatory motion.

On February 4, 2026, the juvenile court conducted a dispositional hearing, at which it imposed an indefinite period of probation, which would be reviewed by the juvenile court every six months. Additionally, the juvenile court imposed an electronic home monitoring curfew, as well as a $50.00 fine and costs of prosecution.

Subsequently, on February 10, 2026, I.R.M. filed a post-dispositional motion[4] in which she largely reiterated her arguments from her post-adjudicatory motion. **See** Post-Dispositional Motion, 2/10/26, at 1-12. On March 4, 2026, the juvenile court denied I.R.M.'s post-dispositional motion without a hearing.

I.R.M. filed a timely notice of appeal. I.R.M.'s counsel failed to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal contemporaneously with the notice of appeal, as required by Rule 1925(a)(2)(i). As a result, on March 12, 2026, the juvenile court entered an order directing counsel to file a Rule 1925(b) statement and, on March 23, 2026, counsel complied.[5] Subsequently, the juvenile court complied with Rule 1925(a). I.R.M. now raises the following claims for our review:

> [1.] Did the juvenile court err as a matter of law by adjudicating [I.R.M.] delinquent and imposing probationary supervision, fines, and court costs where the Commonwealth presented no competent evidence at the adjudicate[ory] hearing that [I.R.M.]

---

[4] We note that in the record this motion is titled "Post-Dispositional Motion to Reconsider and Vacate, Dismiss Petition, Commence Expungement." However, for ease of reference we refer to it as the post-dispositional motion.

[5] While a Rule 1925(b) statement must be filed concomitantly with the notice of appeal for all children's fast track cases pursuant to Rule 1925(a)(2)(i), we decline to quash or dismiss the instant appeal as I.R.M. filed the Rule 1925(b) statement, the juvenile court opinion fully addressed the merits of the issues raised therein, and there is no assertion of any prejudice suffered by the Commonwealth. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that failure to file Rule 1925(b) statement contemporaneously with children's fast track appeal considered defective notice of appeal, to be disposed of on case-by-case basis, but did not require dismissal or quashal where there was no prejudice to other parties as result of late filing).

was in need of treatment, supervision, or rehabilitation under [section] 6341(b)?

[2.] Did the juvenile court err by finding that [I.R.M.] was in need of treatment, supervision, or rehabilitation and imposing disposition where the juvenile court relied on generalized notions of potential "benefit," [I.R.M.]'s age, and the nature of the offense, rather than competent evidence of a statutory need for treatment, supervision, or rehabilitation under [section] 6341(b)?

[3.] Did the juvenile court err and violate [I.R.M.]'s due process rights under the Pennsylvania and United States Constitutions by imposing probationary supervision and conditions without conducting the evidentiary hearing required under [section] 6341(b) and without evidentiary support that [I.R.M.] was in need of treatment, supervision, or rehabilitation?[6]

[4.] Did the juvenile court abuse its discretion and commit legal error by denying [I.R.M.]'s motions to dismiss the petition alleging delinquency and to reconsider and vacate the dispositional hearing order, where the record established no statutory need for treatment, supervision, or rehabilitation, and [I.R.M.] had no prior delinquency history, no behavioral issues, and no substance abuse concerns?

Brief for Appellant, at 7-8 (some capitalization omitted).

We begin by noting that most of I.R.M.'s issues can be summarized as a challenge to the juvenile court's finding that I.R.M. was in need of treatment, supervision, and rehabilitation. *See id.* at 29-71. I.R.M. contends that, prior to adjudicating her delinquent, the juvenile court was required to ascertain

---

[6] We are constrained to find that I.R.M. has waived this challenge for failure to preserve it with requisite specificity in her Rule 1925(b) concise statement of errors raised on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived."). Indeed, I.R.M.'s Rule 1925(b) statement is devoid of reference to her due process challenge and, consequently, it is waived for appellate review. Nevertheless, such waiver does not preclude our review of I.R.M.'s remaining claims, nor does it change our disposition.

whether she committed the alleged offenses **and** whether she was in need of treatment, supervision, or rehabilitation. ***See id.*** at 36-38 (emphasis added). I.R.M. acknowledges that she entered an admission as to the misdemeanor offense of possession of a controlled substance and, consequently, does not allege any error with respect to that prong. ***See id.*** at 38. However, I.R.M. alleges that the juvenile court committed an error of law with respect to the "need" prong when it failed to conduct an evidentiary hearing or hear any competent evidence regarding her alleged need, and did not hold the Commonwealth to its burden of proof. ***See id.*** at 38-44. I.R.M. posits that, as a result of this alleged error, the proper remedy is that this Court vacate the dispositional and adjudicatory orders and remand for dismissal and expungement proceedings pursuant to 18 Pa.C.S.A. § 9123. ***See id.*** at 43-44, 47, 61-62, 70-71. We agree in part and disagree in part.

Generally, we review a juvenile court's delinquency adjudications for an abuse of discretion. ***See Interest of C.B.***, 241 A.3d 677, 686 (Pa. Super. 2020). However, where it is alleged that the juvenile court failed to conduct the statutorily required hearing to receive evidence relating to the second prong of section 6341(b), we conclude that we review a juvenile court's findings under that prong for an error of law. ***See M.W.***, ***supra*** (setting forth two-prong delinquency adjudication and that juvenile courts must conduct hearing on both); ***see also*** 42 Pa.C.S.A. § 6341(b) (stating that juvenile court "**shall** then proceed immediately or at a postponed hearing . . . to hear evidence as to whether child is in need of treatment, supervision, or

rehabilitation") (emphasis added); ***Commonwealth v. Worzel***, 328 A.3d 1194, 1199 (Pa. Super. 2024) ("Generally, the word 'shall' carries an imperative or mandatory meaning.") (citation omitted).

Before a juvenile court can enter a disposition, a juvenile must be adjudicated delinquent. The requirement for a delinquency adjudication is governed by section 6341(b), which states, in relevant part, as follows:

> **(b) Finding of delinquency.--**If the court finds on proof beyond a reasonable doubt that the child has committed the acts . . . of which he is alleged to be delinquent[,] it **shall** enter such finding on the record and **shall** specify the particular offenses, including the grading and counts[.] . . . The court **shall then proceed** immediately or at a postponed hearing, which shall occur no[] later than 20 days after such finding . . . **to hear evidence as to whether the child is in need of treatment, supervision**[,] **or rehabilitation, as established by a preponderance of the evidence**, **and to make and file its findings thereon**. . . . In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision[,] or rehabilitation. **If the court finds that the child is not in need of treatment, supervision**[,] **or rehabilitation it shall dismiss the proceeding,** . . . **and commence expungement proceedings** in accordance with 18 Pa.C.S.A. § 9123 and the Pennsylvania Rules of Juvenile Court Procedure.

42 Pa.C.S.A. § 6341(b) (emphasis added).

Our Supreme Court has interpreted section 6341(b) and explained as follows:

> [U]nder the Juvenile Act, in order to adjudicate a child delinquent, the juvenile court must (1) determine that the juvenile has committed a delinquent act, **and** (2) determine that the juvenile requires treatment, supervision, or rehabilitation. **A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency.**

*M.W.*, 39 A.3d at 966 (emphasis added).

It is the Commonwealth's burden, as the party that filed the petition alleging delinquency, to prove **both** prongs of the delinquency test. *See Interest of C.B.*, 241 A.3d 677, 684 n.11 (Pa. Super. 2020). While this Court has previously acknowledged that the Juvenile Act does not explicitly state which party has the burden of demonstrating that the juvenile is, or is not, in need of treatment, supervision, or rehabilitation, we have nevertheless concluded that the Commonwealth, as the filing party, bears the burden of demonstrating that the juvenile is delinquent as to both prongs. *See In the Interest of N.C.*, 171 A.3d 275, 281 (Pa. Super. 2017); *see also C.B.*, *supra* (reaffirming *N.C.*'s conclusion that Commonwealth bears burden of proof for both delinquency prongs set forth in *M.W.*).[7]

This Court has previously held that a juvenile court's failure to conduct an evidentiary hearing and receive evidence regarding a juvenile's need for treatment, supervision, and rehabilitation constituted an error of law that mandated reversal. *See Interest of K.G.*, 278 A.3d 934, 941 (Pa. Super. 2022). In *K.G.*, the juvenile court, after concluding that K.G. had committed the crime of unauthorized use of a vehicle, "merely inquired about the status

_____

[7] We observe that *N.C.* was superseded by statute when section 6341 was amended by the General Assembly to include that the second prong of delinquency—the juvenile's need for treatment, rehabilitation, or supervision—must be proved by a preponderance of the evidence. *See C.B.*, 241 A.3d at 681 n.8; *id.* at 684 n.11. Nevertheless, as stated above, this Court in *C.B.* reaffirmed *N.C.*'s conclusion that the Commonwealth bears the burden of proof for both delinquency prongs. *See id.* at 684 n.11.

of other open criminal matters related to [K.G.] and, immediately thereafter, adjudicated [K.G.] delinquent[.]" *Id.* Upon review, this Court concluded that the juvenile court's failure to hear evidence about treatment, supervision, or rehabilitation prior to adjudicating K.G. delinquent constituted a failure to follow the Rules of Juvenile Procedure as well as an error law. *See id.* This Court emphasized that the juvenile court "did not receive additional evidence pertaining to amenability to treatment, supervision, or detention . . . and failed to enter its reasons for its findings and conclusions of law into the record." *Id.*

Upon review of the record, we conclude that the juvenile correctly found the first prong of section 6341(b) satisfied where I.R.M. entered an admission to the offense of possession of controlled substance. Indeed, I.R.M. acknowledges that this prong was satisfied and it is unchallenged on appeal.

Regarding the second prong, however, we are constrained to conclude that the juvenile court erred and committed an error of law in finding that the Commonwealth had satisfied its burden of proof that, by a preponderance of the evidence, I.R.M. was in need of treatment, rehabilitation, or supervision. *See* N.T. Adjudicatory Hearing, 1/9/26, at 6. Indeed, the transcript reveals that, immediately following I.R.M.'s admission, the juvenile court **did not** seek any additional evidence and, instead, immediately found that I.R.M. was in need of treatment, supervision, and rehabilitation pursuant to section 6341(b). *See id.* Our review reveals that the record is **completely devoid** of any evidence, testimony, or even Commonwealth argument prior to the

juvenile court's adjudication of delinquency.[8]  *See* N.T. Adjudicatory Hearing, 12/3/25, at 1-7 (entire adjudicatory proceeding addressing I.R.M.'s admission and colloquy).

As noted above, section 6341(b) clearly states that the juvenile court "**shall then proceed immediately or at a postponed hearing**, which shall occur no[] later than 20 days after such finding . . . **to hear evidence as to**

---

[8] To the extent that the juvenile court states it relied, in part, upon the "adjudication narrative report," this document is not in the certified record before this Court.  *See* N.T. Adjudicatory Hearing, 12/3/25, at 6 (juvenile court stating it considered "adjudication narrative report").  Normally, it is the appellant's duty to ensure that the certified record is complete for appellate review. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc) (it is appellant's duty to ensure certified record is complete). Additionally, this Court may request transcripts or exhibits that have been erroneously omitted if it is clear from the record, trial court opinion, and counseled briefs that such a transcript or exhibit exists.  *See id.* at 6-8 (explaining where it is clear from party citations and arguments that certified record is mistakenly missing transcripts or evidence, this Court **may** submit informal inquiry); *see also Commonwealth v. O'Black*, 897 A.2d 1234, 1238 (Pa. 2006) (appellate court may direct omission or misstatement be corrected through supplemental certified record where court has reason to believe such evidence exists).

However, instantly, there is nothing in the record other than the trial court's single reference to an "adjudication narrative report."  We note that the "adjudication narrative report" is not attached to any motions, filings, or exhibits, or admitted as evidence in any transcripts.  Indeed, I.R.M., in her appellate brief, contests the admissibility of this report.  *See* Brief for Appellant, at 41-42 (arguing certified record does not reflect that "adjudication narrative report" was ever admitted into evidence or summarized on record). Therefore, we are constrained to conclude that, even if this document exists, it was not properly admitted into the certified record and, consequently, the juvenile court erred by considering it.  *See Preston*, 904 A.2d at 6-7 (this Court may not consider any documents not included in certified record). Accordingly, we do not fault I.R.M. for the omission of the "adjudication narrative report" and it has no value for our disposition.

**whether the child is in need of treatment, supervision**[,] **or rehabilitation, as established by a preponderance of the evidence**." 42 Pa.C.S.A. § 6341(b) (emphasis added). Thus, the juvenile court was statutorily **required** to conduct an evidentiary hearing, either immediately or within the time constraints set forth in section 6341, and, importantly, **to hear evidence**. *See id.*

Here, the juvenile court **did not** conduct a hearing; rather, it proceeded directly to making a finding that I.R.M. was in need of treatment, rehabilitation, or supervision.[9] *See* N.T. Adjudicatory Hearing, 12/3/25, at 6. Moreover, it is evident from the record that the juvenile court relied only upon I.R.M.'s admission to the **misdemeanor** offense of possession of controlled substance, which, by statute, cannot solely support a finding of need under the second prong of section 6341(b). *See id.*; *see also M.W.*, 39 A.3d at 966 n.9 (presumption of need applies only to felony offenses and even though felonies "presumptively support[] a finding that the juvenile is in need of treatment and supervision . . . the juvenile court must still make that finding

_____

[9] In reaching our conclusion, we note that there is nothing in section 6341(b) that prohibits a juvenile court from conducting the "need" hearing immediately after an admission has been entered. Indeed, section 6341(b) expressly states that such a hearing shall be held immediately or at a postponed hearing. *See* 42 Pa.C.S.A. § 6341(b) (providing hearing on "need" for treatment, supervision, and rehabilitation "shall proceed immediately or at a postponed hearing"). Nevertheless, the statute does prohibit a juvenile court from making such a finding without additional and competent evidence that satisfies the Commonwealth's burden. *See id.*; *see also M.W.*, *supra*; *C.B.*, *supra*.

**after allowing for other evidence**") (emphasis added).[10]  The juvenile court's failure to adhere to the express language of section 6341(b), and our Supreme Court's interpretation of that language in *M.W.*, constitutes an error of law.  *See K.G.*, *supra*; *M.W.*, *supra*.

Our review of the foregoing reveals that the juvenile court erred in its interpretation and application of section 6341(b) by failing to hold the Commonwealth to its evidentiary burden with respect to the second prong of section 6341(b).  As a result of our conclusion, we are constrained to vacate I.R.M.'s dispositional order and the adjudicatory order finding her delinquent.  Accordingly, pursuant to sections 6341, 9123, and the Pennsylvania Rules of Juvenile Court Procedure, we remand for the juvenile court to conduct a hearing in compliance with the above, at which time it shall hear evidence as to whether I.R.M. is in need of treatment, supervision, or rehabilitation.  *See* 42 Pa.C.S.A. § 6341(b) (requiring juvenile court conduct need hearing and that dismissal and expungement is proper only after court found juvenile not in need); *see also M.W.*, 39 A.3d at 966 (remanding to juvenile court to conduct need hearing where juvenile court had dismissed delinquency petition without conducting need hearing); *Cf. K.G.*, 278 A.3d at 941 (vacating order after finding evidence of criminal offense was insufficient **and** juvenile court

_____

[10] We note that, as I.R.M. entered an admission to a misdemeanor offense, there was no presumption that I.R.M. was in need of treatment, supervision, or rehabilitation and, even if there were such a presumption, the juvenile court **still** would have committed an error of law by failing to allow for other evidence prior to adjudicating I.R.M. delinquent.  *See M.W.*, *supra*.

erred by failing to conduct need hearing). Upon remand, the juvenile court shall comply with all of the relevant Juvenile Act statutes and rules applying to the need hearing, consider all competent evidence, and place the burden of proof on the Commonwealth.[11]

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/5/2026

_____

[11] In light of our disposition, we need not address I.R.M.'s remaining claims pertaining to the dispositional order.

| IN THE INTEREST OF: I.R.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: I.R.M., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 703 EDA 2026 |

Appeal from the Dispositional Order Entered February 4, 2026
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-JV-0000065-2025

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY LAZARUS, P.J.:                **FILED AUGUST 5, 2026**

I.R.M. appeals from the dispositional order, entered in the Court of Common Pleas of Pike County, following her adjudication of delinquency after her admission to one count of possession of a controlled substance.[1]  After careful review, we vacate the juvenile court's dispositional and adjudicatory orders and remand with instructions.

The juvenile court summarized the factual history as follows:

On September 30, 2025, [Lieutenant] Martin Gaughan [] investigated an incident at [Dingman-Delaware Middle School in Dingman Township, Pike County].  At approximately 12:45 p.m., K.F., a female student, reported to Principal Brian McCarthy that M.S., a male student, appeared intoxicated and was in possession of a vaping device.  M.S. was called to the office and evaluated by School Nurse Mrs. Stager, who recorded [M.S.'s] pulse of 160 b[eats] p[er] m[inute], raising concerns that he may have

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

ingested a controlled substance. M.S. denied any such consumption.

Principal McCarthy searched M.S.'s belongings following a request and recovered two electronic vaping devices: one black labeled "Rooted Labs" and one blue labeled "CAKE she hits different." During questioning, M.S. admitted he had purchased the vapes that morning from I.[R.]M. . . . I.[R.]M. [subsequently] admitted selling the vapes to M.S. before school hours. . . . [Lieutenant] Gaughan conducted field testing . . . and both devices tested positive for THC concentrates.

Juvenile Court Opinion, 4/10/26, at 1-2.

On December 3, 2025, the juvenile court conducted an adjudicatory hearing where I.R.M. entered an admission to possession of a controlled substance, a misdemeanor offense. The juvenile court accepted I.R.M.'s admission after a colloquy and then immediately, without taking any additional evidence,[2] found I.R.M. to be in need of treatment, supervision, and rehabilitation. *See* N.T. Adjudicatory Hearing, 12/3/25, at 6 (court finding juvenile to be in need of treatment, supervision, and rehabilitation). As a result, the juvenile court adjudicated I.R.M. delinquent under 42 Pa.C.S.A. §

_____

[2] We observe that there was no testimony regarding I.R.M.'s background, behavior, home environment, academic performance, substance use history, or risk of recidivism. Additionally, there was no evidence presented as to whether I.R.M. has a history or risk of truancy, substance abuse, or behavioral issues. Further, there were no recommendations for supervision or treatment placed on the record. Indeed, the Commonwealth presented no evidence whatsoever. *See* N.T. Adjudicatory Hearing, 12/3/25, at 1-7.

However, we observe that I.R.M. completed a drug and alcohol assessment at PA Treatment and Healing on October 29, 2025, and attached that report to her post-adjudicatory motion. *See* Post-Adjudicatory Motion, 1/9/26, Exhibit B (drug and alcohol assessment concluding I.R.M. does not meet criteria for substance use disorder and recommending no additional treatment or services).

6341. The juvenile court deferred disposition and ordered the preparation of a social summary investigative report and a diagnostic evaluation.

On January 9, 2026, I.R.M. filed a post-adjudicatory motion in which she argued that the juvenile court committed an error of law in adjudicating her delinquent without first conducting a hearing or entertaining additional evidence supporting a finding that I.R.M. needed treatment, supervision, or rehabilitation. *See* Post-Adjudicatory Motion, 1/9/26, at 1-15.[3] Additionally, I.R.M. asserted that, pursuant to section 6341(b) and *Commonwealth v. M.W.*, 39 A.3d 958 (Pa. 2012), an adjudication of delinquency is a two-step process in which the court must find that: (1) there is sufficient evidence to find the juvenile committed the act(s) alleged; and (2) the juvenile is in need of treatment, supervision, or rehabilitation prior to an adjudication of delinquency. I.R.M. contended that because she admitted to a misdemeanor offense and not a felony, she could not be presumed to need treatment, supervision, or rehabilitation, and that it was the Commonwealth's burden to present the requisite evidence showing that she needed treatment, supervision, or rehabilitation. *See* Post-Adjudicatory Motion, 1/9/26, at 8-10. Finally, I.R.M. argued that, as a result of the Commonwealth's failure to present additional evidence supporting a finding of need for treatment, supervision, or rehabilitation and the trial court's finding of such need without

---

[3] We note that, in the record, this motion is titled "Motion to Dismiss Petition/Motion for Reconsideration/Commencement of Expungement." However, for ease of reference we refer to it as the post-adjudicatory motion.

the statutorily required evidence, the juvenile court was required by law to dismiss and expunge I.R.M's adjudication. *See id.* at 10-15 (citing 42 Pa.C.S.A. § 6341(b); *M.W.*, *supra*).

On January 28, 2026, the juvenile court conducted a hearing on I.R.M.'s motion, at which it entertained arguments from counsel. *See* N.T. Post Adjudicatory Hearing, 1/28/26, at 1-6. The Commonwealth argued that the juvenile court was not required to conduct a separate hearing to determine if I.R.M. needed treatment, supervision, or rehabilitation and, instead, could make that finding immediately after I.R.M.'s admission. *See id.* at 4-5. The Commonwealth additionally argued that the juvenile court may base its finding of treatment, supervision, or rehabilitation on the facts of the admission for the purposes of judicial economy. *See id.* No additional evidence was entered at this hearing, and, on February 2, 2026, the juvenile court denied I.R.M.'s post-adjudicatory motion.

On February 4, 2026, the juvenile court conducted a dispositional hearing, at which it imposed an indefinite period of probation, which would be reviewed by the juvenile court every six months. Additionally, the juvenile court imposed an electronic home monitoring curfew, as well as a $50.00 fine and costs of prosecution.

Subsequently, on February 10, 2026, I.R.M. filed a post-dispositional motion[4] in which she largely reiterated her arguments from her post-adjudicatory motion. **See** Post-Dispositional Motion, 2/10/26, at 1-12. On March 4, 2026, the juvenile court denied I.R.M.'s post-dispositional motion without a hearing.

I.R.M. filed a timely notice of appeal. I.R.M.'s counsel failed to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal contemporaneously with the notice of appeal, as required by Rule 1925(a)(2)(i). As a result, on March 12, 2026, the juvenile court entered an order directing counsel to file a Rule 1925(b) statement and, on March 23, 2026, counsel complied.[5] Subsequently, the juvenile court complied with Rule 1925(a). I.R.M. now raises the following claims for our review:

> [1.] Did the juvenile court err as a matter of law by adjudicating [I.R.M.] delinquent and imposing probationary supervision, fines, and court costs where the Commonwealth presented no competent evidence at the adjudicate[ory] hearing that [I.R.M.]

---

[4] We note that in the record this motion is titled "Post-Dispositional Motion to Reconsider and Vacate, Dismiss Petition, Commence Expungement." However, for ease of reference we refer to it as the post-dispositional motion.

[5] While a Rule 1925(b) statement must be filed concomitantly with the notice of appeal for all children's fast track cases pursuant to Rule 1925(a)(2)(i), we decline to quash or dismiss the instant appeal as I.R.M. filed the Rule 1925(b) statement, the juvenile court opinion fully addressed the merits of the issues raised therein, and there is no assertion of any prejudice suffered by the Commonwealth. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that failure to file Rule 1925(b) statement contemporaneously with children's fast track appeal considered defective notice of appeal, to be disposed of on case-by-case basis, but did not require dismissal or quashal where there was no prejudice to other parties as result of late filing).

was in need of treatment, supervision, or rehabilitation under [section] 6341(b)?

[2.] Did the juvenile court err by finding that [I.R.M.] was in need of treatment, supervision, or rehabilitation and imposing disposition where the juvenile court relied on generalized notions of potential "benefit," [I.R.M.]'s age, and the nature of the offense, rather than competent evidence of a statutory need for treatment, supervision, or rehabilitation under [section] 6341(b)?

[3.] Did the juvenile court err and violate [I.R.M.]'s due process rights under the Pennsylvania and United States Constitutions by imposing probationary supervision and conditions without conducting the evidentiary hearing required under [section] 6341(b) and without evidentiary support that [I.R.M.] was in need of treatment, supervision, or rehabilitation?[6]

[4.] Did the juvenile court abuse its discretion and commit legal error by denying [I.R.M.]'s motions to dismiss the petition alleging delinquency and to reconsider and vacate the dispositional hearing order, where the record established no statutory need for treatment, supervision, or rehabilitation, and [I.R.M.] had no prior delinquency history, no behavioral issues, and no substance abuse concerns?

Brief for Appellant, at 7-8 (some capitalization omitted).

We begin by noting that most of I.R.M.'s issues can be summarized as a challenge to the juvenile court's finding that I.R.M. was in need of treatment, supervision, and rehabilitation. *See id.* at 29-71. I.R.M. contends that, prior to adjudicating her delinquent, the juvenile court was required to ascertain

---

[6] We are constrained to find that I.R.M. has waived this challenge for failure to preserve it with requisite specificity in her Rule 1925(b) concise statement of errors raised on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived."). Indeed, I.R.M.'s Rule 1925(b) statement is devoid of reference to her due process challenge and, consequently, it is waived for appellate review. Nevertheless, such waiver does not preclude our review of I.R.M.'s remaining claims, nor does it change our disposition.

whether she committed the alleged offenses **and** whether she was in need of treatment, supervision, or rehabilitation. ***See id.*** at 36-38 (emphasis added). I.R.M. acknowledges that she entered an admission as to the misdemeanor offense of possession of a controlled substance and, consequently, does not allege any error with respect to that prong. ***See id.*** at 38. However, I.R.M. alleges that the juvenile court committed an error of law with respect to the "need" prong when it failed to conduct an evidentiary hearing or hear any competent evidence regarding her alleged need, and did not hold the Commonwealth to its burden of proof. ***See id.*** at 38-44. I.R.M. posits that, as a result of this alleged error, the proper remedy is that this Court vacate the dispositional and adjudicatory orders and remand for dismissal and expungement proceedings pursuant to 18 Pa.C.S.A. § 9123. ***See id.*** at 43-44, 47, 61-62, 70-71. We agree in part and disagree in part.

Generally, we review a juvenile court's delinquency adjudications for an abuse of discretion. ***See Interest of C.B.***, 241 A.3d 677, 686 (Pa. Super. 2020). However, where it is alleged that the juvenile court failed to conduct the statutorily required hearing to receive evidence relating to the second prong of section 6341(b), we conclude that we review a juvenile court's findings under that prong for an error of law. ***See M.W.***, ***supra*** (setting forth two-prong delinquency adjudication and that juvenile courts must conduct hearing on both); ***see also*** 42 Pa.C.S.A. § 6341(b) (stating that juvenile court "**shall** then proceed immediately or at a postponed hearing . . . to hear evidence as to whether child is in need of treatment, supervision, or

rehabilitation") (emphasis added); ***Commonwealth v. Worzel***, 328 A.3d 1194, 1199 (Pa. Super. 2024) ("Generally, the word 'shall' carries an imperative or mandatory meaning.") (citation omitted).

Before a juvenile court can enter a disposition, a juvenile must be adjudicated delinquent. The requirement for a delinquency adjudication is governed by section 6341(b), which states, in relevant part, as follows:

> **(b) Finding of delinquency.--**If the court finds on proof beyond a reasonable doubt that the child has committed the acts . . . of which he is alleged to be delinquent[,] it **shall** enter such finding on the record and **shall** specify the particular offenses, including the grading and counts[.] . . . The court **shall then proceed** immediately or at a postponed hearing, which shall occur no[] later than 20 days after such finding . . . **to hear evidence as to whether the child is in need of treatment, supervision**[,] **or rehabilitation, as established by a preponderance of the evidence**, **and to make and file its findings thereon**. . . . In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision[,] or rehabilitation. **If the court finds that the child is not in need of treatment, supervision**[,] **or rehabilitation it shall dismiss the proceeding,** . . . **and commence expungement proceedings** in accordance with 18 Pa.C.S.A. § 9123 and the Pennsylvania Rules of Juvenile Court Procedure.

42 Pa.C.S.A. § 6341(b) (emphasis added).

Our Supreme Court has interpreted section 6341(b) and explained as follows:

> [U]nder the Juvenile Act, in order to adjudicate a child delinquent, the juvenile court must (1) determine that the juvenile has committed a delinquent act, **and** (2) determine that the juvenile requires treatment, supervision, or rehabilitation. **A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency.**

- 8 -

*M.W.*, 39 A.3d at 966 (emphasis added).

It is the Commonwealth's burden, as the party that filed the petition alleging delinquency, to prove **both** prongs of the delinquency test. *See Interest of C.B.*, 241 A.3d 677, 684 n.11 (Pa. Super. 2020). While this Court has previously acknowledged that the Juvenile Act does not explicitly state which party has the burden of demonstrating that the juvenile is, or is not, in need of treatment, supervision, or rehabilitation, we have nevertheless concluded that the Commonwealth, as the filing party, bears the burden of demonstrating that the juvenile is delinquent as to both prongs. *See In the Interest of N.C.*, 171 A.3d 275, 281 (Pa. Super. 2017); *see also C.B.*, *supra* (reaffirming *N.C.*'s conclusion that Commonwealth bears burden of proof for both delinquency prongs set forth in *M.W.*).[7]

This Court has previously held that a juvenile court's failure to conduct an evidentiary hearing and receive evidence regarding a juvenile's need for treatment, supervision, and rehabilitation constituted an error of law that mandated reversal. *See Interest of K.G.*, 278 A.3d 934, 941 (Pa. Super. 2022). In *K.G.*, the juvenile court, after concluding that K.G. had committed the crime of unauthorized use of a vehicle, "merely inquired about the status

_____

[7] We observe that *N.C.* was superseded by statute when section 6341 was amended by the General Assembly to include that the second prong of delinquency—the juvenile's need for treatment, rehabilitation, or supervision—must be proved by a preponderance of the evidence. *See C.B.*, 241 A.3d at 681 n.8; *id.* at 684 n.11. Nevertheless, as stated above, this Court in *C.B.* reaffirmed *N.C.*'s conclusion that the Commonwealth bears the burden of proof for both delinquency prongs. *See id.* at 684 n.11.

of other open criminal matters related to [K.G.] and, immediately thereafter, adjudicated [K.G.] delinquent[.]" *Id.* Upon review, this Court concluded that the juvenile court's failure to hear evidence about treatment, supervision, or rehabilitation prior to adjudicating K.G. delinquent constituted a failure to follow the Rules of Juvenile Procedure as well as an error law. *See id.* This Court emphasized that the juvenile court "did not receive additional evidence pertaining to amenability to treatment, supervision, or detention . . . and failed to enter its reasons for its findings and conclusions of law into the record." *Id.*

Upon review of the record, we conclude that the juvenile correctly found the first prong of section 6341(b) satisfied where I.R.M. entered an admission to the offense of possession of controlled substance. Indeed, I.R.M. acknowledges that this prong was satisfied and it is unchallenged on appeal.

Regarding the second prong, however, we are constrained to conclude that the juvenile court erred and committed an error of law in finding that the Commonwealth had satisfied its burden of proof that, by a preponderance of the evidence, I.R.M. was in need of treatment, rehabilitation, or supervision. *See* N.T. Adjudicatory Hearing, 1/9/26, at 6. Indeed, the transcript reveals that, immediately following I.R.M.'s admission, the juvenile court **did not** seek any additional evidence and, instead, immediately found that I.R.M. was in need of treatment, supervision, and rehabilitation pursuant to section 6341(b). *See id.* Our review reveals that the record is **completely devoid** of any evidence, testimony, or even Commonwealth argument prior to the

juvenile court's adjudication of delinquency.[8]  ***See*** N.T. Adjudicatory Hearing, 12/3/25, at 1-7 (entire adjudicatory proceeding addressing I.R.M.'s admission and colloquy).

As noted above, section 6341(b) clearly states that the juvenile court "**shall then proceed immediately or at a postponed hearing**, which shall occur no[] later than 20 days after such finding . . . **to hear evidence as to**

---

[8] To the extent that the juvenile court states it relied, in part, upon the "adjudication narrative report," this document is not in the certified record before this Court.  ***See*** N.T. Adjudicatory Hearing, 12/3/25, at 6 (juvenile court stating it considered "adjudication narrative report").  Normally, it is the appellant's duty to ensure that the certified record is complete for appellate review. ***See Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc) (it is appellant's duty to ensure certified record is complete). Additionally, this Court may request transcripts or exhibits that have been erroneously omitted if it is clear from the record, trial court opinion, and counseled briefs that such a transcript or exhibit exists. ***See id.*** at 6-8 (explaining where it is clear from party citations and arguments that certified record is mistakenly missing transcripts or evidence, this Court **may** submit informal inquiry); ***see also Commonwealth v. O'Black***, 897 A.2d 1234, 1238 (Pa. 2006) (appellate court may direct omission or misstatement be corrected through supplemental certified record where court has reason to believe such evidence exists).

However, instantly, there is nothing in the record other than the trial court's single reference to an "adjudication narrative report."  We note that the "adjudication narrative report" is not attached to any motions, filings, or exhibits, or admitted as evidence in any transcripts.  Indeed, I.R.M., in her appellate brief, contests the admissibility of this report.  ***See*** Brief for Appellant, at 41-42 (arguing certified record does not reflect that "adjudication narrative report" was ever admitted into evidence or summarized on record). Therefore, we are constrained to conclude that, even if this document exists, it was not properly admitted into the certified record and, consequently, the juvenile court erred by considering it.  ***See Preston***, 904 A.2d at 6-7 (this Court may not consider any documents not included in certified record). Accordingly, we do not fault I.R.M. for the omission of the "adjudication narrative report" and it has no value for our disposition.

**whether the child is in need of treatment, supervision**[,] **or rehabilitation, as established by a preponderance of the evidence**." 42 Pa.C.S.A. § 6341(b) (emphasis added). Thus, the juvenile court was statutorily **required** to conduct an evidentiary hearing, either immediately or within the time constraints set forth in section 6341, and, importantly, **to hear evidence**. *See id.*

Here, the juvenile court **did not** conduct a hearing; rather, it proceeded directly to making a finding that I.R.M. was in need of treatment, rehabilitation, or supervision.[9] *See* N.T. Adjudicatory Hearing, 12/3/25, at 6. Moreover, it is evident from the record that the juvenile court relied only upon I.R.M.'s admission to the **misdemeanor** offense of possession of controlled substance, which, by statute, cannot solely support a finding of need under the second prong of section 6341(b). *See id.*; *see also M.W.*, 39 A.3d at 966 n.9 (presumption of need applies only to felony offenses and even though felonies "presumptively support[] a finding that the juvenile is in need of treatment and supervision . . . the juvenile court must still make that finding

_____

[9] In reaching our conclusion, we note that there is nothing in section 6341(b) that prohibits a juvenile court from conducting the "need" hearing immediately after an admission has been entered. Indeed, section 6341(b) expressly states that such a hearing shall be held immediately or at a postponed hearing. *See* 42 Pa.C.S.A. § 6341(b) (providing hearing on "need" for treatment, supervision, and rehabilitation "shall proceed immediately or at a postponed hearing"). Nevertheless, the statute does prohibit a juvenile court from making such a finding without additional and competent evidence that satisfies the Commonwealth's burden. *See id.*; *see also M.W.*, *supra*; *C.B.*, *supra*.

**after allowing for other evidence**") (emphasis added).[10]  The juvenile court's failure to adhere to the express language of section 6341(b), and our Supreme Court's interpretation of that language in ***M.W.***, constitutes an error of law.  ***See K.G.***, ***supra***; ***M.W.***, ***supra***.

Our review of the foregoing reveals that the juvenile court erred in its interpretation and application of section 6341(b) by failing to hold the Commonwealth to its evidentiary burden with respect to the second prong of section 6341(b).  As a result of our conclusion, we are constrained to vacate I.R.M.'s dispositional order and the adjudicatory order finding her delinquent.  Accordingly, pursuant to sections 6341, 9123, and the Pennsylvania Rules of Juvenile Court Procedure, we remand for the juvenile court to conduct a hearing in compliance with the above, at which time it shall hear evidence as to whether I.R.M. is in need of treatment, supervision, or rehabilitation.  ***See*** 42 Pa.C.S.A. § 6341(b) (requiring juvenile court conduct need hearing and that dismissal and expungement is proper only after court found juvenile not in need); ***see also M.W.***, 39 A.3d at 966 (remanding to juvenile court to conduct need hearing where juvenile court had dismissed delinquency petition without conducting need hearing); ***Cf. K.G.***, 278 A.3d at 941 (vacating order after finding evidence of criminal offense was insufficient **and** juvenile court

_____

[10] We note that, as I.R.M. entered an admission to a misdemeanor offense, there was no presumption that I.R.M. was in need of treatment, supervision, or rehabilitation and, even if there were such a presumption, the juvenile court **still** would have committed an error of law by failing to allow for other evidence prior to adjudicating I.R.M. delinquent.  ***See M.W.***, ***supra***.

erred by failing to conduct need hearing).  Upon remand, the juvenile court shall comply with all of the relevant Juvenile Act statutes and rules applying to the need hearing, consider all competent evidence, and place the burden of proof on the Commonwealth.[11]

Orders vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/5/2026

---

[11] In light of our disposition, we need not address I.R.M.'s remaining claims pertaining to the dispositional order.

- 14 -